**STATE of Iowa, Appellant,**

v.

**Chet Miles DAGUE, Appellee.**

**No. 61634.**

Supreme Court of Iowa.

Jan. 24, 1979.

Richard C. Turner, Atty. Gen., and Stephen P. Dundis, Asst. Atty. Gen., for appellant.

Stephen A. Swift, Cedar Rapids, for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

This appeal involves the definition of "habitual offender" in the motor vehicle law. The question is whether habitual offender status is predicated on convictions rather than violations during the relevant period. In finding defendant Chet Miles Dague was not an habitual offender, the trial court held that a person is not an habitual offend-er under § 321.555(2), The Code, unless the person has six convictions within a two-year period, even though the underlying violations may have occurred within two years. Upon the State's appeal, we affirm.

It is undisputed that defendant committed six separate and distinct traffic offenses during the relevant two-year period. The violations took place between June 14, 1975, and May 28, 1977. However, the convictions of those violations occurred between June 16, 1975, and July 1, 1977, a period of approximately two years and two weeks.

In relevant part, § 321.555 provides:

As used in this division, "habitual offender" means *any person who has accumulated convictions* for separate and distinct offenses described in subsections 1, 2, or 3, committed after July 1, 1974, as follows:

1. *Three or more convictions within a six-year period*, of the following offenses, either singularly or in combination:

\* \* \* \* \* \*

2. *Six or more convictions of any separate and distinct offenses within a two-year period* in the operation of a motor vehicle which are required to be reported to the department of public safety by section 321.207, except equipment violations, violations of parking regulations of cities, violations of registration laws, operating a vehicle with an expired license or permit, failure to appear, and weights and measures violations and speeding violations of less than six miles per hour over the legal speed limit, as provided by law prior to enactment of chapter 1189, Acts of the Sixty-fifth General Assembly, 1974 Session.

3. \* \* \*. (emphasis supplied).

Thus the statute defines an habitual offender as "any person who has accumulated convictions" of certain kinds within stated periods.

Nevertheless, the State contends the language of subsection 2 is susceptible to a construction making the time of violation determinative rather than the time of conviction. This contention is based on the

placing of the words "within a two-year period" after the word "offenses" instead of after the word "convictions" in the subsection.

Familiar principles of statutory construction are involved. They are summarized in *Iowa National Industrial Loan Co. v. Iowa Department of Revenue*, 224 N.W.2d 437, 439–440 (Iowa 1974).

 Applying those principles here, we agree with the trial court that the statute makes the period within which convictions occurred determinative of habitual offender status.

The opening paragraph refers to the accumulation of convictions. Subsections 1 and 2 differ only in describing the kind of convictions and the relevant period in which they took place. Under subsection 1 "[t]hree or more convictions within a six-year period" of certain named offenses will make a person an habitual offender. Under subsection 2, "[s]ix or more convictions of any separate and distinct offenses within a two-year period", with certain exceptions, will create the same status. From our examination of these provisions in relation to each other, we think the legislature intended that for subsection 2 to be applicable the convictions must occur within the designated two-year period.

A contrary reading would make subsection 2 inconsistent with the opening paragraph and with subsection 1. It would also violate the principle which requires us to consider all parts of an enactment and not give undue importance to any single or isolated portion. See *Iowa National Industrial Loan Co.*, 224 N.W.2d at 440. Considering the entire statute, we hold that the two-year period in subsection 2 defines the time within which the convictions, not violations, must have occurred.

The State argues persuasively that the date of violation should be more significant than the date of conviction, but that argument would more appropriately be addressed to the legislature.

AFFIRMED.