**STATE of Iowa, Appellant,**

v.

**Victor LINK, Appellee.**

**No. 69573.**

Supreme Court of Iowa.

Dec. 21, 1983.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellant.

Linda Del Gallo, Asst. Appellate Defender, for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

LARSON, Justice.

■ Following revocation of his probation, defendant was sentenced to serve 120 days in the county jail. The State contends that the court had no authority to impose this sentence. Because the underlying offense of second-degree burglary (Iowa Code § 713.3 (1981)) is a Class-C felony, a jail term is not one of the sentencing alternatives available to the court, the State argues. The defendant argues that Iowa Code section 908.11, authorizing a court upon revocation of probation to "require the defendant to serve the sentence imposed or any lesser sentence," in effect expands the sentencing options otherwise available to the court and, in this case, authorized the jail sentence. We conclude that section 908.11 does not expand sentencing options in probation revocation cases beyond those prescribed for an original sentencing and accordingly vacate the sentence and remand.

Victor Link was convicted of two counts of second-degree burglary in March, 1982, and was sentenced to two indeterminate sentences not exceeding ten years each, to run concurrently. The sentences were suspended, however, and he was placed on probation with placement in the residential correctional facility at Fort Dodge, Iowa.[1]

In October, 1982, the State began proceedings to revoke the defendant's probation, based on numerous alleged infractions of the law and the facility's rules. The probation was revoked, and the defendant was sentenced to be incarcerated—but in jail, rather than in the custody of the director of adult corrections, and for a specified term of 120 days rather than a term of "no more than ten years," as would ordinarily be the case in a Class-C felony. *See* Iowa Code § 902.9(3). This, the State complains, is not permitted by our sentencing laws. For a Class-C felony, a defendant may be given a deferred judgment or deferred sentence or, as here, a suspended sentence. Iowa Code § 907.3. If a confinement is ordered on a Class-C felony, it must be for a term of "no more than ten years," Iowa Code § 902.9, and the defendant must be committed to the custody of the director of the division of adult corrections. It is therefore clear that the defendant could not have been given the 120-day jail sentence at the time of the original sentencing.

While the defendant concedes this sentence would not be available at the original sentencing, he argues that section 908.11 nevertheless allows the court on revocation of the probation to impose any sentence, provided it is not greater than that originally imposed (here an indeterminate ten-year sentence).

Our consideration of the law must begin with Iowa Code section 908.11. That section provides the procedure for probation revocation and concludes with this language:

> If the violation is established, the court may continue the probation with or without an alteration of the conditions of probation, or may revoke the probation and require the defendant to serve the sentence imposed *or any lesser sentence,* and, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed.

(Emphasis added.)

While the last sentence of the statute limits the sentencing alternatives in the case where the sentence has been deferred to "any sentence which might originally have been imposed," no similar restriction expressly appears in the statute as to the

---

1. In June, 1982, Link was convicted on a third charge of second-degree burglary and received a similar suspended sentence for that offense as well. That probation was apparently not involved in the present revocation proceedings, however.

case where sentence was imposed but suspended. In that case, the defendant argues, the statute means just what it says: *any* lesser sentence may be imposed on revocation. If the legislature had intended to restrict the sentencing options in a case such as this, it could have easily added the same restrictive language, according to his argument.

The scant legislative history bearing on the adoption of section 908.11 is not particularly helpful. In this case, as in many others turning on statutory construction, there is no shortage of rules to look to. The defendant argues the statute is clear on its face; "any lesser sentence" means just that, and to restrict the court to only those options available at original sentencing would amount to judicial legislation. The plain language of the statute must control, according to him.

 The manifest intent of the legislature, however, will prevail over the literal import of the words used. *State v. Billings*, 242 N.W.2d 726, 731 (Iowa 1976); *State v. Buckley*, 232 N.W.2d 266, 270 (Iowa 1975). In ascertaining that intent, we consider the object sought to be accomplished and the evil sought to be remedied, *Billings*, 242 N.W.2d at 731, and we will seek a reasonable interpretation and construction which will best effect the purpose of the statute, seeking to avoid absurd results. *Id.*

At the outset, it does not appear likely that the legislature intended to permit imposition of a lighter penalty in a suspended sentence case than in a deferred judgment case, in view of the general thrust of the deferred judgment procedure, which is to provide less harsh treatment for eligible classes of defendants.

It has been said that the purpose of section 908.11 was to implement the due process requirements of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *See* 4 J. Yeager & R. Carlson, Iowa Practice, Criminal Law and Procedure § 1763, at 385 (1979); 2 J. Roehrick, Iowa Criminal Code, a Comparison at 987–88 (1978). If so, it is basically a proce-

dural statute, not a sentencing one. Although section 908.11 allows a court to, in effect, waive part of the original sentence, it does not appear to be intended as a substantive statute in the sense that it would enlarge the sentencing options available to a judge under existing sentencing statutes. *See e.g.* Iowa Code § 901.5 (lists sentencing options available); § 907.3 (provides criteria and procedures for deferred judgment, deferred sentence, and suspended sentence). Rather, under section 908.11 the "lesser sentence" which may be imposed must nevertheless be one provided for the original crime.

 As applied to a Class-C felony such as this case, the "lesser" sentencing options on revocation would include elimination of a fine, if it had been made a part of the original sentence, *see* Iowa Code § 902.-9(3), or continuation of probation on less onerous terms. The court would, of course, have the option of imposing the prison term which had been suspended, but could not vary the length of it, because it is required to be an indeterminate term, here "no more than ten years." *Id.*

The State argues that the jail term ordered here could not be imposed as a condition of probation, citing several Iowa cases. The defendant does not rely on that ground for affirmance, however, and the district court did not order the jail sentence on that basis. Accordingly, we do not discuss that issue.

We conclude that the "lesser" sentence which may be imposed upon probation revocation under section 908.11 must nevertheless be an option available on original sentencing, despite the failure of the legislature to say so in express terms. Accordingly, we vacate the sentence and remand for disposition in accordance with this opinion.

SENTENCE VACATED; CASE REMANDED.