STATE of Iowa, Appellee,

v.

Earl Leroy KIRKLIN, Appellant.

No. 84–31.

Supreme Court of Iowa.

Nov. 14, 1984.

---

Jon M. Kinnamon, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Valencia Voyd McCown, Mick Greene, Asst. Attys. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

Defendant Earl Leroy Kirklin was charged by trial information in Linn County with willful injury, a felony, based on events which occurred on July 4, 1982. The information charged the defendant with unjustifiably assaulting a female by stabbing her with a knife, intentionally causing serious injury. On April 8, 1983, the defendant entered an Alford plea of guilty to the lesser included offense, assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of Iowa Code sections 708.1(1) and 708.2(1). On September 26, 1983, defendant was sentenced to imprisonment for an indeterminate term not to exceed two years for the aggravated misdemeanor and was given credit for the time spent in custody prior to sentencing. The court further provided that the sentence "shall not run concurrently with any other sentence of incarceration which may be imposed by this Court in Linn County Criminal Cause 5537–0180."

Defendant appeals from the sentence imposed. He asserts: (1) under Iowa Code section 903.1 a fixed sentence rather than an indeterminate sentence should have been imposed, and (2) under Iowa Code section 901.8 the court lacked authority to order that the sentence not run concurrent to any term of incarceration that may be imposed in pending probation revocation proceedings. We affirm.

■ I. Defendant was sentenced to an indeterminate term not to exceed two years. When the new Iowa Criminal Code became effective on January 1, 1978, section 903.1 mandated that when a penalty was not provided for in a misdemeanor conviction "the court shall determine the sentence, and shall fix the period of confinement or the amount of fine" within limits, which in the case of an aggravated misdemeanor were "imprisonment not to exceed two years, or a fine not to exceed five thousand dollars, or both." We held that the indeterminate sentence provisions of our law did not apply to aggravated misdemeanors because section 903.1 required the court to determine the length of sentence within the maximum of two years. *State v. Wilson*, 294 N.W.2d 824, 826 (Iowa 1980).

The defendant's reliance upon *Wilson* to support his allegation that the indeterminate sentence provisions of the Iowa law are inapplicable in his case is misplaced because of a statutory change in section 903.1. The maximum penalty is still "imprisonment not to exceed two years, or a fine not to exceed five thousand dollars, or both." However, the following addition

has been made: "When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term." 1983 Iowa Acts ch. 183, § 2 (codified at Iowa Code § 903.1(2) (Supp.1983)). Section 3 of chapter 183 provides: "Section 2 of the Act amending section 903.1 of the Code, takes effect July 1, 1983, but also applies retroactively to January 1, 1978." The sentencing in question occurred after July 1, 1983; the act by its own terms is retroactive beyond the date of the commission of the offense in July of 1982. The district court was correct in sentencing defendant to an indeterminate sentence pursuant to the present section 903.1(2). We limit our ruling to matters raised by the defendant at either the trial court level or in his appellate brief.

II. Defendant challenges the portion of the district court's sentence which provides that it would not run concurrently with any term of incarceration which might be imposed in pending probation revocation proceedings. He asserts that a contingent sentence based upon the possible imposition of a sentence in another proceeding is improper. Defendant further contends that the sentencing judge in the other criminal proceeding should determine whether a sentence imposed in that case would run concurrently or consecutively with a sentence imposed in the present case. We conclude that the language used by the district court when referring to the sentence of incarceration "which may be imposed" in the other case is not literally correct because the other sentence had already been imposed. We find no reversible error in the sentence, however.

Defendant had previously been convicted of the felony of burglary in the second degree in Linn County Criminal Cause 5537–0180 and had been sentenced to serve not more than ten years; however, the sentence was suspended and defendant was placed on probation for three years. A presentence report prepared on May 20, 1983, indicated that defendant was still on probation for the earlier offense and that his probation officer was in the process of submitting a report of violation to the court requesting revocation of the earlier probation status. The record does not indicate whether the earlier probation was revoked, but it is apparent that the sentencing judge was referring to the possibility of revocation when he indicated that the sentence should not run concurrently with a sentence which "may be imposed."

■ Iowa Code section 901.8 (1983) provides in relevant part: "If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." The language in the statute presupposes the existence of a prior sentence when a prison sentence is imposed on a defendant. Consequently, we must decide whether the suspended sentence and grant of probation in the earlier proceedings was a prior sentence.

We conclude that the imposition of a sentence which is suspended pending successful completion of probation is a sentencing under section 901.8. At the time fixed for sentencing, section 901.5 provides the sentencing judge with options: under subsection (1) the court may defer judgment and sentence; and under subsection (3) the court "may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907." Iowa Code section 907.3(2) provides: "[A]t the time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require...." It follows from these statutory provisions that the sentence must be imposed before it can be suspended and probation can be granted. Consequently, the defendant had previously been sentenced; the sentence given on the present offense is the second or further sentence under the terms of section 901.8.

Next, we must decide whether the court has authority to provide that a second sen-

tence should be consecutive to a previous suspended sentence if probation subsequently is revoked on the earlier sentence. The statutory language of section 901.8 does not provide specific guidance. With the aid of rules of statutory construction, we conclude section 901.8 gives the court this authority.

Our objective is to determine legislative intent. We must look to the objects to be accomplished and the evils sought to be remedied and place a reasonable construction on the statute that will best effectuate its purpose. *State v. Schlemme*, 301 N.W.2d 721, 723 (Iowa 1981). Because the statute relates to a penal sentence, the rule of strict construction comes into play; however, strict construction is not to be used to inject doubt when legislative intent is evident through a reasonable construction of the statute. *State v. Newman*, 313 N.W.2d 484, 486 (Iowa 1981). An interpretation of this section which would require the probation granted on the first sentence to be revoked prior to imposition of the second sentence would not effectuate the purpose of the section. The obvious purpose of the authority granted under section 901.8 to a sentencing judge imposing a consecutive sentence on a second offense is to provide the judge with a tool to lengthen the sentence of a defendant who has been convicted of two separate offenses. For good reason the sentencing judge may prefer to delay sentencing until the revocation proceedings are complete. However, neither the statute nor compelling reason preclude an earlier disposition. The purposes of the Act will be served better by allowing a sentence to be imposed consecutive to an earlier sentence which has been imposed, but remains suspended. If the suspension of the earlier sentence is lifted, the remaining portion of the second sentence shall be served consecutive to the first sentence. If the suspension of the first sentence is not revoked, the provision for a consecutive sentence becomes surplusage and is ineffective.

Because we find no error on either issue presented in this appeal, we affirm.

AFFIRMED.