365 N.W.2d 35 (1985)
STATE of Iowa, ex rel. Charles PALMER as Director, Division of Mental Health Resources, Iowa Department of Social Services, Appellee,
v.
The BOARD OF SUPERVISORS OF POLK COUNTY, Iowa, and Richard Brannan, Chair of the Board; Tom Whitney, Murray Drake, Sam Anania, and Jack Bishop, Members of the Board; and James Maloney, Polk County Auditor, Appellants.
No. 84-548.
Supreme Court of Iowa.
March 20, 1985.
*36 Dan L. Johnston, County Atty., and Charles R. Montgomery, Asst. County Atty., for appellants.
Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., Matthew W. Williams, Asst. Atty. Gen., for appellee.
Considered by HARRIS, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.
HARRIS, Justice.
The State brought this declaratory judgment action to compel the county to contribute a statutory share of treatment expenses for substance abusers in state mental health institutes. After issues were joined on stipulated facts the trial court granted summary judgment for the State. The county appeals and we affirm.
Several Polk County residents voluntarily admitted themselves to state mental health institutes for treatment for substance abuse. Later the State submitted a bill to Polk County for twenty-five percent of their costs of treatment. The county refused to pay and this suit resulted.
I. The public has no common law duty to pay for services to the poor; any such public duty is wholly statutory. In re O'Donnell's Estate, 253 Iowa 607, 612, 113 N.W.2d 246, 249 (1962). Iowa has a statutory scheme under which the county of residence provides basic relief to the poor. Iowa Code § 252.25 (1983). Expenses for that relief are to be reimbursed by the county of legal settlement. § 252.24. The county can seek recovery for the expenses for the poor person or "that person's kindred." § 252.13. A similar plan for services for mentally retarded is provided in Iowa Code chapters 222 and 230.
II. Substance abusers can receive treatment at state mental health institutes. Iowa Code § 125.2(2). Specific provisions for funding treatment of substance abusers begin with section 125.43, which limits the county's liability to twenty-five percent of the mental health institute costs. It provides:
Chapter 230 shall govern the determination of the costs and payment for treatment provided to substance abusers in a mental health institute under the department of social services, except that charges shall not constitute a lien on any real estate owned by persons legally liable for support of the substance abuser and the daily per diem shall be billed at twenty-five percent. . . .
Id. (Emphasis added.)
There is a separate scheme for care of substance abusers who receive care in private institutions. It is prescribed in sections 125.44 and 125.45. Under that plan *37 the State pays seventy-five percent (one hundred percent if the abuser is a state patient). Section 125.45 then provides that an abuser's county of residence contribute twenty-five percent of the care costs. Within this section is a special provision which grants a special authority to the board of supervisors. This authority[1] is the focal point of this suit. The board of supervisors is given the discretion to refuse to pay the twenty-five percent share of the costs for services rendered to substance abusers at private facilities. The issue in this case is whether, as the county contends, this same provision also gives boards the discretion to refuse in cases where the substance abuser has received the care at a state mental health institute.
The State urges five reasons for rejecting the county's position and, while we might agree with more, we base our affirmance on just one of them. The statutes plainly do not read the way the county would have it. The county's position stands or falls on the provision contained within section 125.45, a section which relates to care in private facilities. Yet the introductory phrase of that whole section explicitly and expressly excludes from itself the separate plan providing for care in state mental health institutes: "Except as provided in section 125.43 ...." Id.
The county strains to develop a defense from this crucial language. It argues that the obvious import of the words should be avoided for historical reasons. Predecessor statutes and attorney general opinions interpreting them, it is said, must be considered. The county advances this startling criticism of the State's argument:
[The state] has chosen to ignore section 125.45 in its pristine form [Iowa Code section 125.28 (1975)] choosing instead to present arguments based upon later versions of the provision. [The state's] brief contains not a single citation to section 125.28, Code of Iowa (1975). It is not difficult to detect the reason for the strategy. The legislature's intent has been obscured in years since enactment of the $500 limit provision and the overall spending.
According to the rubric:
In construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said.
R.App.P. 14(f)(13). Rather than presuming new legislation intends no change in law we are to presume the opposite. The appropriate rule for construing amended legislation is as follows:
The courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase. Thus, in interpreting an amendatory act there is a presumption of change in legal rights. This is a rule peculiar to amendments and other acts purporting to change the existing statutory law.
1A Sutherland: Statutory Construction, § 22.30 at 178 (4th Ed.C.Sands 1973). See Slockett v. Iowa Valley Community School District, 359 N.W.2d 446, 448 (Iowa 1984).
By its express terms, section 125.45 does not apply to situations where a substance abuser has received treatment in a state mental health institute. The right of *38 the board of supervisors to refuse the twenty-five percent contribution applies only for costs at private institutions. The trial court was correct in so holding.
AFFIRMED.
NOTES
[1] The material part of section 125.45 states:

[A]pproval of the board of supervisers is required before payment is made by a county for costs incurred which exceed a total of $500 for one year for treatment provided to any one substance abuser ....