**In re Danny Eugene BERTRAM, Joan Kay Bertram, Debtors.**

**Bankruptcy No. 85–00315M.**

United States Bankruptcy Court, N.D. Iowa.

March 27, 1986.

is that the cash surrender value of unmatured life insurance policies owned by the Debtors are not exempt property as defined therein.

James I. Shepard, Allison, Iowa, for debtors.

Larry S. Eide, Mason City, Iowa, trustee.

## ORDER OVERRULING OBJECTION TO EXEMPTION ·

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is Trustee's Objection to Debtors' claimed exemptions in the cash surrender value of certain unmatured life insurance policies. The matter is submitted to the Court on the basis of stipulated facts and memoranda of law filed by the parties. Having reviewed the stipulation and the memoranda, and being fully advised, the Court makes the following decision pursuant to F.R.B.P. 7052.

## FINDINGS OF FACT

The parties have stipulated to the following facts:

1. That the Debtor, Danny Eugene Bertram, has claimed an unmatured life insurance policy with a cash surrender value of $4,547.00 as exempt under section 627.6(7) of the Code of Iowa (1985).

2. That the Debtor, Joan Kay Bertram, has claimed an unmatured life insurance policy with a cash surrender value of $9,584.00 as exempt under section 627.6(7) of the Code of Iowa (1985).

3. That each of the life insurance policies described above are unmatured and are not credit life insurance contracts.

4. That the purchase and/or manner of acquisition of the policies by the Debtors is not at issue pursuant to the Trustee's objection.

5. That the objection of the Trustee to the exemption is based on the Trustee's interpretation of § 627.6(7) and the sole issue presented by the Trustee's objection

## DISCUSSION

Section 627.6(7), Code of Iowa (1985), provides:

A debtor who is a resident of this state may hold exempt from execution the following property:

(7) any unmatured life insurance policy owned by the debtor, other than a credit life insurance contract.

The Trustee contends the cash surrender value of an unmatured life insurance policy is not exempt within the meaning of § 627.6(7).

Section 627.6(7), which was first enacted in 1981, is identical to the bankruptcy exemption provided in 11 U.S.C. § 522(d)(7) of the Bankruptcy Code adopted in 1978. The Bankruptcy Code contains an additional provision which bears directly on the issue at bar. Section 522(d)(8) allows an exemption for the debtor's interest in the "loan value of any unmatured life insurance contract" not to exceed $4,000.00 in value. Neither this provision, nor any similar provision serving to limit the loan value of a life insurance policy, is present in the Iowa exemption statute. Clearly the Iowa legislature was aware of, and had the opportunity to enact, a provision similar to § 522(d)(8). Clearly, it chose not to do so.

In construing Iowa statutes, the Iowa Supreme Court has stated in *Mallory v. Paradise*, 173 N.W.2d 264, 267 (Iowa 1969):

In making material changes in the language of a statute, the legislature can neither be assumed to have regarded such changes as without significance, nor to have committed an oversight or to have acted inadvertently. To the contrary, the general rule is that a change in phraseology indicates persuasively, and raises a presumption, that a departure from the old law was intended, particularly where the wording of the statute is radically different ... *See also,* 73 Am

Jur 2d *Statutes*, subsection 236, p. 417; *State ex rel Palmer v. Board of Supervisors of Polk County*, 365 N.W.2d 35, 37 (Iowa 1985).

While the Iowa Supreme Court was addressing the issue of a change in the Iowa statute, this Court believes the same rule of statutory construction is applicable to a situation where the Iowa legislature clearly had the Federal statute before it when adopting the Iowa legislation. The Iowa statute was adopted in response to the exemptions set forth in the new Bankruptcy Code of 1978 and was enacted in order to exercise the authority granted to the Iowa legislature pursuant to 11 U.S.C. § 522(d)(1).

Due to the similarity between the exemptions found at 11 U.S.C. § 522(d)(7) and the Iowa exemption found at § 627.6(7), the Court determines that the drafters of the Iowa statute had the Federal exemption in mind when drafting the Iowa counterpart. Since the Iowa legislature elected to omit a provision similar to 11 U.S.C. § 522(d)(8), the Court must conclude that the legislature intended not to limit the exemption for the loan value of a life insurance policy.

Iowa case law supports this conclusion. In *Westinghouse Credit Corp. v. Crotts*, 250 Iowa 1273, 98 N.W.2d 843 (1959), the Court considered the issue of whether a defendant's cash surrender value in his life insurance policy was exempt to him as against a plaintiff judgment creditor. The Court determined the cash value was exempt under the provisions of § 511.37, Code of Iowa (1958) which stated,

> A policy of insurance on the life of an individual ... shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors.

At the time *Westinghouse* was decided, neither § 627.6(7) nor any similar provision mentioning unmatured policies had been enacted. The Trustee implies that § 627.-6(7) somehow serves to override the *Westinghouse* decision as it relates to the cash surrender value of life policies. However, in the absence of any language expressly denying an exemption for the cash value of a life insurance policy, the Court finds § 627.6(7) does not alter the holding of the Iowa Supreme Court in *Westinghouse*.

Indeed, given the holding in *Westinghouse*, the Court notes that under the facts of the present case, the life policies at issue may be exempt under § 511.37. Whenever possible, statutes dealing with the same subject matter should be construed in *pari materia*. *In Interest of ECG*, 345 N.W.2d 138, 141 (Iowa 1984). Sections 511.37 and 627.6(7) are not in conflict. Section 627.6(7) is a more inclusive provision, encompassing a situation where the beneficiary of a life insurance policy may be other than a spouse or child of the insured. "Where one statute deals with a subject in general terms and another in a more detailed way, the two shall be harmonized if possible." *Northern Natural Gas Company v. Forst*, 205 N.W.2d 692, 697 (Iowa 1973). Thus, the Court finds the cash surrender values may be exempted under either § 627.6(7) or under § 511.37.

Finally, the Iowa Supreme Court has repeatedly held that exemption statutes shall be liberally construed in favor of those claiming the benefits of the exemptions. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). Given this policy, and in light of the above discussion, the Court finds Trustee's objection to Debtors' claimed exemptions in the cash surrender value of certain unmatured life insurance policies is overruled; and

IT IS SO ORDERED.