STATE of Iowa, Appellant,

v.

Michael David PHELPS, Appellee.

No. 87–991.

Supreme Court of Iowa.

Jan. 20, 1988.

---

Mark Hunacek, Asst. Atty. Gen., Ames, for appellant.

David A. Millage of Wells & Gallagher, P.C., Bettendorf, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

On April 13, 1987, the State commenced the present civil action alleging appellee,

Michael David Phelps, was a habitual offender. *See* Iowa Code § 321.555 (1985). The State sought the revocation of Phelps's driver's license as a sanction for that alleged status. *See* Iowa Code § 321.559 (1985). Following a hearing, the district court, relying on this court's decision in *State v. Dague*, 274 N.W.2d 293 (Iowa 1979), dismissed the proceeding. The State brings this appeal following unsuccessful post-trial motions.

The State's allegation of Phelps's habitual offender status was based upon the following definition of that status contained in Iowa Code section 321.555 (1985):

As used in this division, "habitual offender" means any person who has accumulated convictions for separate and distinct offenses described in subsections 1, 2, or 3, committed after July 1, 1974, for which final convictions have been rendered, as follows:

. . . .

2. Six or more of any separate and distinct offenses within a two-year period in the operation of a motor vehicle which are required to be reported to the department by section 321.207 or chapter 321C, except equipment violations, parking violations as defined in section 321.210, violations of registration laws, violations of section 321.446, operating a vehicle with an expired license or permit, failure to appear, weights and measures violations and speeding violations of less than fifteen miles per hour over the legal speed limit.

Phelps committed six of the pertinent offenses during the period from January 7, 1985, to September 14, 1986, inclusive. His convictions for those offenses, however, occurred during the period from January 8, 1985, to January 8, 1987, inclusive, a period of two years and one day.

In *State v. Dague*, 274 N.W.2d 293 (Iowa 1979), this court interpreted section 321.-555(2) to require six convictions within the two-year period rather than simply the commission of six offenses during that period. Subsequent to *Dague*, however, our legislature amended section 321.555 to read as cited above. *See* 1980 Iowa Acts ch. 1103, § 15. Prior to amendment the statute read as follows:

As used in this division, "habitual offender" means any person who has accumulated convictions for separate and distinct offenses described in subsections 1, 2, or 3, committed after July 1, 1974, as follows:

. . . .

2. Six or more *convictions* of any separate and distinct offenses within a two-year period in the operation of a motor vehicle which are required to be reported to the department of public safety by section 321.207, except equipment violations, violations of parking regulations of cities, violations of registration laws, operating a vehicle with an expired license or permit, failure to appear, and weights and measures violations and speeding violations of less than six miles per hour over the legal speed limit, as provided by law prior to enactment of chapter 1189, Acts of the Sixtyfifth General Assembly, 1974 Session.

(Emphasis added.)

The presence of the word "convictions" in subsection two's definition of "habitual offender" provided the basis for the decision in *Dague*. *See* 274 N.W.2d at 294–95. That word was deleted by the 1980 amendment so that habitual offender status may now be predicated simply on "[s]ix or more of any separate and distinct offenses within a two-year period. . . ." Iowa Code § 326.555(2) (1985). In addition, the 1980 amendment clarified the relevance of conviction by providing that the predicate offenses must be ones "for which final convictions have been rendered." *Id.* This language is not qualified by a time frame required for the convictions.

█ The legislature by changing a statute recognizes the judicial interpretation placed upon the statute. *Humboldt County v. Biegger*, 232 Iowa 494, 499, 4 N.W.2d 422, 425 (1942). Any material change in language of an original statute is presumed to indicate a change in legal rights. *State ex rel. Palmer v. Board of Supervisors*, 365 N.W.2d 35, 37 (Iowa 1985) (quoting 1A Sutherland: *Statutory Construction* § 22.30 at 178 (C. Sands 4th ed. 1973)).

When an amendment to a statute deletes certain words, a change in the law is presumed unless the remaining language amounts to the same thing. *Nelson v. Restaurants of Iowa, Inc.,* 338 N.W.2d 881, 884 (Iowa 1983). In a similar situation we noted that the legislature is presumed to know prior judicial construction of statutory terms and an amendment substituting a new term or phrase for the one previously construed indicates that the former construction did not correspond with legislative intent and a different interpretation should be given to the new term or phrase. *State ex rel. Palmer,* 365 N.W.2d at 37 (quoting 1A Sutherland: *Statutory Construction* § 22.30 at 178 (C. Sands 4th ed. 1973)). In addition, we note the statute places the qualifying phrase "within a two-year period" immediately after the term "offenses." As a rule of statutory construction, referential, relative, and qualifying words and phrases refer only to the immediately preceding antecedent. *State v. Kluesner,* 389 N.W.2d 370, 371 (Iowa 1986); *State v. Lohr,* 266 N.W.2d 1, 3 (Iowa 1978).

We ended our opinion in *Dague* with the following observation:

> The State argues persuasively that the date of violation should be more significant than the date of conviction, but that argument would more appropriately be addressed to the legislature.

274 N.W.2d at 295.

We think it clear the legislature accepted and acted upon our invitation when, one year following *Dague,* it amended section 321.555. Accordingly, we hold that the two-year period in subsection two defines the time within which the violations, not convictions, must have occurred. *Dague* no longer controls the point.

The judgment of the district court is reversed and this case is remanded for proceedings in conformance with this opinion.

REVERSED AND REMANDED.