**STATE of Iowa, Appellee,**

v.

**Gerald Andrew HOGGE, Appellant.**

No. 87–971.

Supreme Court of Iowa.

March 16, 1988.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Michael P. Short, Co. Atty., and Gordon M. Liles, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

At issue in this appeal is whether a district court, when revoking probation, can order that the sentence for the initial offense be served consecutively to a sentence imposed for a separate offense committed by the defendant. We hold that the district court has authority to order consecutive sentences in this situation. The judgment and sentence of the district court are affirmed.

On March 31, 1986, the defendant, Gerald Andrew Hogge, pled guilty in Lee County to criminal mischief in the first degree. On May 5, 1986, he was granted a deferred judgment and placed on probation. On November 11, 1986, the district court revoked the deferred judgment, entered a judgment on criminal mischief in the first degree, and sentenced him to a term of imprisonment not to exceed ten years. After he had served eighty-four days of this sentence, the district court reviewed and reconsidered the sentence.[1] At the defendant's request and with his consent, the

---

1. The Iowa Code provides that the court may review and reconsider the sentence imposed for certain crimes within the first 90 days after the defendant begins to serve a sentence of confinement. *See* Iowa Code § 902.4 (1987).

court, on February 2, 1987, revoked the judgment of November 11, 1986, reinstated the deferred judgment, and again placed the defendant on probation.

Within four months of being placed on probation, Hogge pled guilty on May 28, 1987, in the Iowa District Court for Scott County to willful injury and going armed with intent. The defendant was sentenced to concurrent terms of imprisonment of not to exceed ten and not to exceed five years. On June 23, 1987, the Iowa District Court for Lee County revoked the deferred judgment of February 2, 1987, entered judgment on criminal mischief in the first degree, and sentenced the defendant to a term of imprisonment not to exceed ten years. The court's judgment provided credit on the sentence for the time Hogge was incarcerated upon the criminal mischief charge and specifically provided the term of incarceration should begin after the Scott County sentences for willful injury and going armed with intent.

The defendant claims that the Iowa District Court for Lee County lacked statutory authority to order the sentence imposed for criminal mischief be served consecutive to the sentences imposed in Scott County. This claim is based on Iowa Code section 908.11 (1987) which states, "if imposition of sentences was deferred, [the district court] may impose any sentence which might originally have been imposed." Hogge asserts that because the Lee County conviction did not exist at the time he was placed on probation on February 2, 1987, a consecutive sentence was not a sentence that "might originally have been imposed." Therefore, when Hogge's probation was revoked on June 23, 1987, the court exceeded its statutory authority by ordering the sentences to be served consecutively.

The defendant cites *State v. Link*, 341 N.W.2d 738, 740 (Iowa 1983), in support of this theory. In *Link*, the defendant was placed on probation for two years after a conviction for two counts of burglary in the second degree. Later, the court revoked the defendant's probation and sentenced him to a period of incarceration for a specified term of 120 days. Burglary in the

second degree is a Class "C" felony. *See* Iowa Code § 713.4 and .5 (1987). If confinement is ordered on a Class "C" felony, the Iowa Code provides that it must be for a term of "no more than ten years." Iowa Code § 902.9 (1987). The district court justified the 120–day sentence on language in Iowa Code section 908.11 which provided:

> If the violation is established, the court may continue the probation with or without an alteration of the conditions of probation, or may revoke the probation and require the defendant to serve the sentence imposed *or any lesser sentence,* and, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed.

Iowa Code § 908.11 (1987) (emphasis added). In reversing the district court, we held that the "lesser" sentence referred to in Iowa Code section 908.11 is limited to a sentence available on original sentencing. The court, if it feels incarceration is appropriate, may not vary the length of incarceration from the sentencing provisions in the Iowa Code. *Link*, 341 N.W.2d at 740. In sum, the sentencing judge in a revocation procedure, must sentence the offender *as if* this were the original sentencing. *Link* does not limit the authority of the sentencing judge to order a consecutive sentence.

Iowa Code section 901.8 (1987) provides a sentencing judge with authority to order that sentences for separate offenses be served consecutively. The court may, as a matter of discretion, order sentences to run consecutively. *State v. Jones,* 299 N.W.2d 679, 682–83 (Iowa 1980). While the sentencing judge has this authority, Iowa adheres to the rule that sentences for separate crimes committed in the same state are to be served concurrently unless the sentencing judge provides otherwise. *Herman v. Brewer,* 193 N.W.2d 540, 543–44 (Iowa 1972).

*State v. Kirklin,* 357 N.W.2d 310 (Iowa 1984), dealt with a sentence imposed for an earlier offense in a revocation of probation and a separate offense committed during probation. In that case, the probation was revoked before the sentence for the later offense was imposed. In the revocation,

the court ordered incarceration but provided that the sentence "shall not run concurrently with any other sentence of incarceration which may be imposed by this Court in Linn County Criminal Cause 5537–0180." *Id.* at 311. *Kirklin* challenged this imposition of consecutive sentences. This court held that section 901.8 of the Iowa Code grants a sentencing judge the authority to order that a sentence for a separate offense be served consecutively to the sentence imposed for the initial offense when probation is revoked. We stated that the "obvious purpose of the authority granted under section 901.8 to a sentencing judge is to provide the judge with a tool to lengthen the sentence of a defendant who has been convicted of two separate offenses." *Id.* at 313. This legislative intent is also persuasive in this situation.

We conclude that when a sentencing judge is faced with a revocation of probation, the judge is to proceed as if the revocation hearing were the original sentencing, and may provide that the sentence imposed be served concurrently or consecutively to other existing sentences. The district court did not exceed its authority in ordering that the sentence imposed be served consecutively with the separate sentence imposed by the Iowa District Court for Scott County.

AFFIRMED.