Joseph Alan JENNEY, Plaintiff,

v.

IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.

No. 89–607.

Supreme Court of Iowa.

June 20, 1990.

Rehearing Denied July 20, 1990.

Gary J. Shea, of Shea Law Offices, Cedar Rapids, for plaintiff.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Denver D. Dillard, County Atty., Jerry Vander Sanden, Asst. County Atty., for defendant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

Rather than revoke Joseph Alan Jenney's probation and require him to serve the remainder of his ten-year prison sentence, the district court imposed the penalty for contempt of court and ordered him to serve ninety days in jail for violating the terms of his probation. Jenney's petition for writ of certiorari challenges the authority of the district court to impose the penalty of contempt for alleged violations of terms of probation not set forth in a court order. We annul the writ.

Jenney pled guilty to theft in the first degree on July 11, 1985, and he was sentenced to serve an indefinite term of ten years. Pursuant to the "shock sentencing" provisions of Iowa Code section 902.4 (1985), district judge William L. Thomas reconsidered the sentence, suspended it, and placed Jenney on probation for a period of five years. In its order, the court stated: "Conditions of probation shall be that the defendant be involved in the intensive probation program and further he make restitution...." Jenney satisfied the requirements of the intensive probation program, and the court entered a supplemental order stating that Jenney "shall be forthwith supervised under the standard conditions of probation as deemed appropriate by the Sixth Judicial District Department of Correctional Services."

By statute, conditions of probation are established by the judicial district department of corrections subject to the approval of the court. Iowa Code § 907.6. By administrative rule, the chief judge of the judicial district approves standard conditions of probation which shall apply to each person under probation supervision. 291 Admin.Code § 42.1(12) (1983). Implicit in any probation is the condition that the probationer shall not violate the law. *State v. McGinnis*, 243 N.W.2d 583, 587 (Iowa 1976).

Jenney signed a standard probation agreement the day his sentence was suspended. The agreement provided, among other things, that Jenney would (1) obey all state and federal laws, including traffic and motor regulations, (2) maintain personal contact and keep all scheduled appointments with his probation officer, (3) not use illegal drugs, and (4) submit to urinalysis or breathalyzer testing upon the request of his probation officer.

On January 24, 1989, the State sought to revoke Jenney's probation on the basis that he had violated the terms of probation set forth above. Jenney's probation officer recommended that Jenney be found in contempt of court and sentenced to ninety days in the Linn County Jail. On the date set for hearing on the application for revocation, the State requested that the revocation hearing "be considered a contempt hearing as contemplated by Section 908.11, the Iowa Code, rather than an application to revoke previously-granted probation." Jenney did not resist, and district judge August F. Honsell granted the State's request. In its final ruling, the court stated:

> It is the judgment of the undersigned that the evidence produced by the State established by proof beyond a reasonable doubt Mr. Jenney's willful failure to comply with conditions of probation....

Jenney was ordered to serve ninety days in jail.

Jenney appealed. We treated Jenney's notice of appeal as a petition for writ of certiorari—the usual procedure for review of a district court order to punish for contempt. *See* Iowa Code § 665.11 (1987).

After Jenney filed a supplemental statement of the claimed grounds for relief, we granted Jenney's petition.

This action arises out of a probation revocation hearing under Iowa Code section 908.11 (1987). Prior to 1984, section 908.11 concluded with the following language:

If the violation is established, the court may continue the probation with or without an alteration of the conditions of probation, or may revoke the probation and require the defendant to serve the sentence imposed *or any lesser sentence,* and, if imposition of sentence was deferred, may impose any sentence which might originally have been imposed.

(Emphasis added.) In *State v. Link,* 341 N.W.2d 738, 739–40 (Iowa 1983), we considered the term "lesser sentence." The defendant had been sentenced to serve 120 days in the county jail following revocation of his probation. Imposition of a jail term was not an option available at the original sentencing. We concluded that section 908.11 was a procedural statute that did not expand sentencing options in probation revocation cases beyond those prescribed for an original sentencing. We held that the "lesser sentence" which may be imposed under section 908.11 must be one provided for the original crime. Accordingly, we reversed the defendant's 120–day jail sentence.

In 1984, the legislature approved an act providing for the penalty of contempt for violations of probation. *See* 1984 Iowa Acts ch. 1244, § 6 (codified at Iowa Code § 908.11 (1985)). The Act amended the portion of section 908.11 quoted above in the following manner:

If the violation is established, the court may continue the probation with or without an alteration of the conditions of probation. *If the defendant is an adult the court may hold the defendant in contempt of court and sentence the defendant to a jail term while continuing the probation,* or may revoke the probation and require the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of sentence was deferred, may impose any sentence

which might originally have been imposed.

The legislature is presumed to know the prior construction of the law. *State ex rel. Palmer v. Board of Supervisors of Polk County,* 365 N.W.2d 35, 37 (Iowa 1985). When the legislature amended section 908.11 and left the prior language intact, it is presumed to have acquiesced in our construction of that language. *See, e.g., New York Life Ins. Co. v. Burbank,* 209 Iowa 199, 206, 216 N.W. 742, 745 (1927) ("It is a fair presumption that the legislature, by the reenactment without change of language, was satisfied with such construction, and intended that it should continue."). The amendment is to be examined with an eye toward determining the legislative design which motivated the change. *State ex rel. Palmer,* 365 N.W.2d at 37. We assume an amendment is adopted to accomplish a purpose and was not simply a futile exercise of legislative power. *Id.*

We believe the amendment to be a legislative response to the *Link* decision. Under the 1984 amendment to section 908.11, the court may sentence a defendant to imprisonment in a county jail for violating probation conditions—an option unavailable in most cases under the prior statute and our holding in *Link.* Therefore, the purpose of the amendment was to expand the dispositional options available to the district court upon finding a violation of probation conditions.

We reject Jenney's contention that the amendment requires a contempt proceeding before a jail term may be imposed. The option of a contempt proceeding was available prior to the enactment of the amendment. Therefore, Jenney's contention would render the amendment meaningless. Furthermore, it would lead to unreasonable results and would frustrate the legislature's purpose in expanding the court's options.

Accordingly, we conclude that the proceeding was a probation revocation proceeding in which the court, in its discretion, found Jenney in contempt as permitted by

section 908.11. As stated in *State v. Wahlert,* 379 N.W.2d 10, 12 (Iowa 1985):

> Revocation proceedings are informal, *Calvert v. State,* 310 N.W.2d 185, 187 (Iowa 1981), and the rules of evidence are not strictly applied. *State v. Hughes,* 200 N.W.2d 559, 563 (Iowa 1972). The state must demonstrate by a preponderance of the evidence that defendant violated the conditions of his probation. *Calvert,* 310 N.W.2d at 187.

When viewed in this light, Jenney's allegations of error are without merit. His allegations of error are based upon the mistaken assumption that the proceeding would be considered as a contempt action under Iowa Code chapter 665.

WRIT ANNULLED.