**Frank VAN DER MAATEN, Appellee,**

v.

**FARMERS COOPERATIVE COMPANY, Appellant.**

No. 90–697.

Supreme Court of Iowa.

July 17, 1991.

Robert W. Green of Green, Faith & Hendrickson, Sioux City, for appellant.

Andrew F. Van Der Maaten of Anderson, Wilmarth & Van Der Maaten, Decorah, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL and ANDREASEN, JJ.

LARSON, Justice.

In 1987, two northwest Iowa cooperative associations proposed a merger to form a "survivor association," Iowa Code § 499.-61(3) (1987), to be called the Farmers Cooperative Company (Farmers). Frank Van Der Maaten, a former member of both cooperatives, objected to the merger and voted against it, *see* Iowa Code § 499.65 (1987), but the merger was completed. Under Iowa Code section 499.66(3), a newly merged cooperative association must pay

off the interest of dissenting members, but it is not clear as to when and how that payment must be made. The district court ruled that it must be paid in a lump sum, when the cooperative declares a dividend or redeems its preferred stock, and we agree.

## I. Payments Under Iowa Code Section 499.66(3).

Iowa Code section 499.66(3) provides:

The new association shall pay to each dissenting member in cash within sixty days after the merger or consolidation the amount paid in cash by the dissenting member for that member's interest in the old association. The new association shall pay the remainder of each dissenting member's fair value at the same time other payments of deferred patronage dividends or redemption of preferred stock are made, but in any event within fifteen years after the merger or consolidation. A dissenting member who is a natural person who dies before receiving the fair value shall have all of the person's fair value paid with the same priority as if the person was a member at the time of death.

■ Pursuant to the first sentence of this section, Van Der Maaten was paid twenty dollars, the amount "paid in cash by the dissenting member for that member's interest in the old association[s]." That payment is not in issue.

It is agreed by the parties that the "fair value" of Van Der Maaten's share of the merged cooperatives is $11,193.29. Van Der Maaten argues that section 499.66(3) requires this to be paid in full at any time Farmers made patronage dividend payments or preferred stock redemptions to nondissenting members. Farmers contends that Van Der Maaten was entitled to receive only a pro rata share of the cooperative's total payments, and it tendered a check to him for $271.91. Van Der Maaten refused to accept the check.

Farmers contends that the object of section 499.66 was to aid financially troubled associations, and to require the new association to pay off a dissenting member in full would defeat that purpose. Further, Farm-

ers argues, the statute uses the plural word "payments" rather than a singular payment, further supporting its argument for installment payments.

Van Der Maaten responds that the object of the statute would still be preserved under his interpretation of it, because Farmers would not be required to pay the lump sum to a dissenting member sooner than fifteen years unless the association was financially able to pay dividends to all members. See Iowa Code § 499.66(3) (new association shall pay the dissenting member's fair value at the time other payments of deferred patronage dividends or redemption of preferred stock are made). Use of the plural word payments, Van Der Maaten claims, does not suggest an installment form of payment but only that more than one dissenting member would likely be involved.

We believe that Van Der Maaten's reading of section 499.66(3) is more persuasive for two reasons: (1) legislative changes made in this section just prior to the merger suggest that a lump sum payment is now required, and (2) such an interpretation is more consistent with the apparent legislative intent to sever the relationship between former members and the new association as soon as it is economically feasible for the association to do so.

■ When a revised statute is ambiguous or susceptible to two constructions, reference may be had to prior statutes for the purpose of ascertaining legislative intent. Although mere differences in words between old and new versions of the statute do not create an inference of intent to change the rule, *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 285 (Iowa 1983), when an amendment to a statute deletes certain words, a change in the law is ordinarily presumed. *See State v. Phelps*, 417 N.W.2d 460, 462 (Iowa 1988); *Nelson v. Restaurants of Iowa, Inc.*, 338 N.W.2d 881, 884 (Iowa 1983). We presume the legislature did not perform a useless task, *Western Outdoor Advertising Co. v. Board of Review*, 364 N.W.2d 256, 258 (Iowa 1985); *Slockett v. Iowa Valley Community School Dist.*, 359 N.W.2d 446, 448

(Iowa 1984), and that new legislation intended a change in law. *State ex rel. Palmer v. Board of Supervisors*, 365 N.W.2d 35, 37 (Iowa 1985). In *Palmer*, we explained:

> The courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights.... Thus, in interpreting an amendatory act there is a presumption of change in legal rights. This is a rule peculiar to amendments and other acts purporting to change the existing statutory law.

*Id.* (quoting 1A Sutherland, *Statutory Construction* § 22.30, at 178 (4th ed. C. Sands 1973)).

Section 499.66 was amended in 1986 by virtue of House File 2448. Prior to the amendment, section 499.66 provided in pertinent part:

> Deferred patronage dividends not otherwise paid in cash, and however evidenced, *shall be paid at the same time and proportioned the same as the deferred patronage dividends and current dividends of nondissenting members* or shareholders, but in any event within seven years from date of demand.

Iowa Code § 499.66(2) (1985) (emphasis added).

Van Der Maaten argues that the 1986 amendment eliminated the requirement that a dissenting member's share be paid at the same time and in the same proportion as nondissenting members' payments. Instead, the legislature required that a dissenting member be paid in full when payments of deferred patronage dividends or redemption of preferred stock are made to nondissenting members. We believe there is merit in this argument.

Iowa Code section 499.65 provides that dissenting members may not do business with the new association. Under Farmers' reading of the statute, the dissenting member would be prohibited from doing business with the cooperative, yet the cooperative would be permitted to use the member's "investment" for up to fifteen years without interest. We do not attribute to the legislature an intention to deny a former member the privilege of doing business with a cooperative, yet, in effect, require the member to continue financial support of it.

We agree with the district court that section 499.66(3) requires the new cooperative to pay the full value of the interest of dissenting members at such time as it pays patronage dividends or redeems preferred stock.

## II. *Interest.*

When the district court entered judgment for Van Der Maaten, it awarded interest on the judgment at the rate of ten percent from the date of the filing of the petition. Van Der Maaten contends that he is entitled to five percent interest on the judgment from the date he demanded payment to the date he filed his petition, and he filed a cross-appeal to raise the issue.

Iowa Code section 535.2(1)(b) provides for interest at a rate of five percent per annum after money becomes due. When money is wrongfully withheld, interest begins to run when demand is made for the wrongfully withheld funds. *See Schwennen v. Abell*, 471 N.W.2d 880, 884–85 (Iowa 1991); *Mopper v. Circle Key Life Ins. Co.*, 172 N.W.2d 118, 127 (Iowa 1969). Here, the money became due when Van Der Maaten demanded payment from the association, and he should have been awarded five percent interest from that date until the filing of his petition. Accordingly, we affirm the judgment of the district court but remand for correction of the interest amount.

AFFIRMED AS MODIFIED AND REMANDED.