WESTERN OUTDOOR ADVERTISING CO., Appellee,

v.

BOARD OF REVIEW OF MILLS COUNTY, Iowa, R.A. Bloedell, Acting Chairman and Clerk Thereof, Appellants.

No. 84–772.

Supreme Court of Iowa.

March 20, 1985.

Frank W. Pechacek, Jr. and Randy R. Ewing of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellants.

Michael G. Reilly of Perkins, Sacks, Hannan & Reilly, Council Bluffs, and Frank F. Pospishil of Abrahams, Kaslow & Cassman, Omaha, Neb., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, SCHULTZ, CARTER and WOLLE, JJ.

CARTER, Justice.

The Mills County Board of Review and its chairman appeal from a district court decree determining that the board acted improperly in assessing thirteen outdoor advertising signs erected by plaintiff Western Outdoor Advertising Company (hereinafter Western) in Mills County as real property. The district court action was by equitable proceedings. Iowa Code § 441.39 (1981). Our review is therefore de novo. Iowa R.App.P. 4. We reverse the district court's decree and uphold the action of the board of review.

Plaintiff filed protests with the board of review in May, 1982 and May, 1983, challenging the action of the county assessor in assessing thirteen outdoor advertising signs erected by plaintiff on leased property in Mills County as real estate. These protests were subsequently denied by the board. Thereafter, plaintiff appealed the issue to the district court.

Evidence presented in the district court indicated that the thirteen billboards upon which plaintiff's advertising was displayed were constructed on wood poles inserted into the ground. Seven of the billboards are mounted on poles set in concrete and six upon poles set in compacted earth. One sign is mounted on poles which were inserted into the earth some eight feet. The other twelve are affixed to poles inserted into the earth approximately three and one-half feet. The poles which are used are sealed so that they can be used again at another location. The poles are fastened together with wooden stringers, and the display, which consists of plywood panels, is then affixed to the stringers. The signs are between sixteen and twenty feet wide. Two of the signs are lighted by flood lights which are turned on and off by light-sensitive switches. The type of construction involved is adequate to withstand eighty to ninety mile per hour winds.

The property upon which the signs were located was leased by the plaintiff. An employee and officer of plaintiff, who had been in the billboard business for twenty-eight years, testified that these types of signs are regularly removed. He described the removal procedure and the method by which the materials are salvaged and recycled.

The district court found on this evidence that these structures could not be assessed as real property by reason of the proviso contained in Iowa Code section 427A.1(3), excepting structures or improvements which will ordinarily be removed. The board of review contends that the district court reached an improper result because of a misplaced reliance upon our decision in *Cowles Communications, Inc. v. Board of Review*, 266 N.W.2d 626, 634–36 (Iowa 1978). We must agree with this contention in light of statutory changes subsequent to the *Cowles* assessment.

At the time that the assessment which was challenged in *Cowles* was made, Iowa Code section 427A.1 (1975) provided, in principal part:

All tangible property except that which is assessed and taxed as real property is subject to the personal property tax credits provided in this chapter, unless the property is taxed, licensed, or exempt from taxation under other provisions of

law. For the purposes of property taxation only, the following shall be assessed and taxed, unless otherwise qualified for exemption, as real property:

....

c. Buildings, structures or improvements, any of which are constructed on or in the land, attached to the land, placed for use upon the land, or placed upon a foundation whether or not attached to the foundation. . . .

....

2. As used in subsection 1, "attached" means any of the following:

a. Connected by an adhesive preparation.

b. Connected in a manner so that disconnection requires the removal of one or more fastening devices, other than electric plugs.

c. Connected in a manner so that removal requires substantial modification or alteration of the property removed or the property from which it is removed.

3. Notwithstanding the definition of "attached" in subsection 2, property *is neither "attached" nor "placed for use upon that land"* if it is a kind of property which would ordinarily be removed when the owner of the property moves to another location. In making this determination the assessing authority shall not take into account the intent of the particular owner.

(emphasis added).

■ Between the time of the assessment in *Cowles* and our decision, section 427A.1(3) was amended so as to delete the words "neither 'attached' nor 'placed for use upon that land' " and substitute in their stead the words "not attached." 1977 Iowa Acts ch. 43, § 14. One of the canons of statutory interpretation directs us to examine amendments to existing statutes with an eye toward determining the legislative design which motivated the change. *State v. One Certain Conveyance,* 211 N.W.2d 297, 299 (Iowa 1973). In this regard, we assume the amendment sought to accomplish some purpose and was not simply a futile exercise of legislative power.

*Id.; Mallory v. Paradise,* 173 N.W.2d 264, 267 (Iowa 1969).

■ Viewing the present amendment in this light, we believe it highlights a legislative intent that the proviso in subsection 3 not be viewed as a general description of property not subject to assessment. It is, rather, merely an exception to the definition of "attached" property under subsection 2. This is significant only in those cases where an "attachment" determination is required in order to decide whether certain property may be assessable.

■ With respect to the plaintiff's signs, we find on our de novo review of the evidence that they were properly assessable as real property without regard to that definition. This finding is based on the language in the statute which mandates assessment of structures or improvements "constructed on or in the land." § 427A.1(1)(c). Nothing in the proviso affects that conclusion. The decision of the district court is reversed.

REVERSED.

All Justices concur except SCHULTZ, J., who dissents.

SCHULTZ, Justice (dissenting).

I cannot interpret section 427A.1 to provide for assessment of advertising signs as real estate. The signs are attached, and often removed, from the posts. The signs are not constructed "on or in the land."