**Evan Andrew PAUL, Appellant,**

v.

**RON MOORE OIL CO. d/b/a
Jiffy Mart, Appellee.**

No. 91–764.

Supreme Court of Iowa.

July 22, 1992.

Tom Riley and James E. Bennett of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Gerry M. Rinden and Andrew M. Johnson of Wintroub, Rinden & Sens, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Evan Andrew Paul, appeals from an adverse summary judgment in dramshop litigation against defendant, Ron Moore Oil Co. d/b/a Jiffy Mart, a Cedar Rapids convenience store. The district court ruled that, under a 1986 amendment to Iowa Code section 123.92 (*see* 1986 Iowa Acts ch. 1211, § 12), plaintiff could not recover because the defendant had not "sold and served" alcohol, but instead had only sold it.

Plaintiff challenges the district court's ruling on three grounds: (1) that there is a genuine issue of material fact concerning whether defendant's activities might have constituted "service" as well as a sale; (2) that section 123.92 has not preempted the bringing of a common-law action against convenience stores that sell but do not serve beer; and (3) that, under the district court's interpretation, section 123.92 constitutes a denial of equal protection of the law under the state and federal constitutions.

We have rejected plaintiff's second and third contentions in recent opinions and conclude that no useful purpose would be served by further discussion of those issues in this opinion.[1] We do consider plaintiff's first contention relating to the factual premise for granting summary judgment under Iowa Rule of Civil Procedure 237.

A fact issue sufficient to defeat a motion for summary judgment is generated if reasonable minds can differ on how the issue should be resolved. But, if the con-

---

1. The preemption issue was most recently decided adversely to plaintiff in *Eddy v. Casey's General Store, Inc.,* 485 N.W.2d 633, 639 (Iowa 1992). Plaintiff's equal protection claim was most recently rejected in *Kelly v. Sinclair Oil Corp.,* 476 N.W.2d 341, 347–48 (Iowa 1991).

flict consists only of the legal consequences flowing from undisputed facts, or from the facts viewed most favorably toward the resisting party, summary judgment is proper. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988); *Thorp Credit, Inc. v. Gott,* 387 N.W.2d 342, 343 (Iowa 1986). The material facts disclosed by the motion papers, if viewed most favorably toward plaintiff, indicate that Donald Cope, Jr. entered the defendant's place of business on three or four occasions on August 16, 1988. Each time he purchased a forty-ounce bottle of beer. On each occasion, he removed the beer to a neighboring gasoline service station where he consumed it. After thus consuming three or four of the forty-ounce bottles, Cope became involved in the altercation with plaintiff that forms the basis of the present action.

■ In seeking to establish a fact issue sufficient to defeat summary judgment, plaintiff argues that the word "served" is not synonymous with immediate consumption on the seller's premises but also includes assistance that store employees provide to customers. We disagree. As we noted in the *Kelly* decision, 476 N.W.2d at 346–47, the context within which the word "served" is used in section 123.92 refers to service of the intoxicating beverage rather than service to the customer. Within this context, our *Kelly* opinion drew an analogy from a California court's conclusion that one who merely prepares a sandwich for consumption with intent that it be consumed elsewhere has not "served" a meal. *See Treasure Island Catering Co. v. State Bd. of Equalization,* 19 Cal.2d 181, 187, 120 P.2d 1, 5 (1941).

■ Under plaintiff's proposed interpretation of the word "served," the addition of that language to the statute in the 1986 amendment would have neither narrowed nor enlarged the type of conduct for which licensees may be found liable. We have recognized that amendments to existing statutes should be examined with an eye toward determining the legislative design that motivated the change. *Western Outdoor Advertising Co. v. Board of Review,* 364 N.W.2d 256, 258 (Iowa 1985); *State v.*

*One Certain Conveyance,* 211 N.W.2d 297, 299 (Iowa 1973). In this regard, we assume the amendment sought to accomplish some purpose and was not simply a futile exercise of legislative power. *Western Outdoor Advertising,* 364 N.W.2d at 258; *Mallory v. Paradise,* 173 N.W.2d 264, 267 (Iowa 1969). We believe the "sold and served" language of the 1986 amendment highlights a legislative intent to narrow the type of conduct for which licensees may be found liable.

We have considered all arguments presented and find no basis for reversing the judgment of the district court. That judgment is affirmed.

AFFIRMED.

All Justices concur except SNELL, J., who concurs specially, and LAVORATO, J., who dissents.

SNELL, Justice (concurring specially).

I concur in result only by reason of stare decisis.

LAVORATO, Justice, dissenting.

I dissent because I believe there is a common-law action for all the reasons articulated in the dissent to *Eddy v. Casey's General Store, Inc.,* 485 N.W.2d 633, —— (Iowa 1992).