**IN THE COURT OF APPEALS OF IOWA**

No. 15-2148
Filed October 12, 2016

**VILLAGE GREEN CO-OP, INC.,**
    Plaintiff-Appellant,

**vs.**

**IOWA PROPERTY ASSESSMENT APPEAL BOARD,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


        Village Green appeals the district court's judicial-review order affirming the

agency's valuation of its apartment complex.  **AFFIRMED.**


        James E. Nervig of Brick Gentry, P.C., West Des Moines, for appellant.

        Jessica Braunschweig-Norris, General Counsel, and Brad O. Hopkins,

Assistant General Counsel, Des Moines, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

Village Green appeals the district court's affirmance on judicial review of the valuation of its apartment complex as determined by the Property Assessment Appeal Board (PAAB). Because the PAAB's determination of value was supported by substantial evidence and was not, as alleged by Village Green, based on erroneous findings of material fact, we affirm.

## I. Facts and Prior Proceedings

Village Green purchased an apartment complex on the east side of Des Moines for $1,815,000. It protested the property's 2011, 2012, and 2013 valuations to the Polk County Board of Review,[1] which affirmed the county assessor's $1,986,000 valuation. Village Green appealed to the PAAB, which "determine[s] anew" the questions presented to the board of review.[2] Iowa Code § 441.37A(3)(a) (stating "there shall be no presumption as to the correctness" of the board of review's determination).

To provide context, we turn to the applicable statutory framework. The "actual value of all property subject to assessment and taxation" is the property's "fair and reasonable market value." *Id.* § 441.21(b)(1). "Market value" means

---

[1] County assessors determine real property's tax assessment. Iowa Code § 441.17 (2015). Any property owner or taxpayer who is dissatisfied with a property assessment can file a protest with the board of review. *Id.* § 441.37(1)(a). The board of review can "equalize assessments by raising or lowering the individual assessments of real property . . . made by the assessor." *Id.* § 441.35(1)(a). Before the board of review, the protesting taxpayer bears the burden of proof. *Id.* § 441.21(3).

[2] Starting in assessment year 2007, a party "may" appeal the board of review's decision to the PAAB or "may bypass" the PAAB and appeal to the district court. Iowa Code § 441.37A(1)(a). The PAAB, established within the Iowa Department of Revenue, is a statewide board "created for the purpose of establishing a consistent, fair, and equitable assessment appeal process." *Id.* § 421.1A(1). The PAAB is an agency. *See id.* § 17A.2(1). The PAAB's decision "shall be considered final agency action for purposes of further appeal." *Id.* § 441.37A(3)(b).

"the fair and reasonable exchange" of "a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property." *Id.* In determining market value, "[s]ales prices of the property or [of] comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing the property, *shall* be taken into consideration in arriving at its market value." *Id.* (emphasis added). Our supreme court interprets "this section to state a preference for establishing value using evidence of the sales price of the property being assessed or using evidence of comparable sales." *Boekeloo v. Bd. of Review*, 529 N.W.2d 275, 277 (Iowa 1995).

"Recognizing that it may not always be easy to ascertain what a willing buyer would pay and a willing seller would accept under a comparable-sales approach, the statute provides for alternate means of determining market value." *Id.*; *see also Wellmark, Inc. v. Polk Cty. Bd. of Review*, 875 N.W.2d 667, 679 (Iowa 2016). Specifically, if the property's market value "cannot be readily established" through comparable sales, then the assessor may determine the property's value by "using the other uniform and recognized appraisal methods." Iowa Code § 441.21(2). "These alternate means of valuation may be used only when market value cannot be readily established using a comparable-sales approach." *Boekeloo*, 529 N.W.2d at 277; *see also Bartlett & Co. Grain v. Bd. of Review*, 253 N.W.2d 86, 88 (Iowa 1977) (stating "the sales-prices approach is initially to be used").

At the February 2015 contested case hearing, the PAAB heard evidence from two expert appraisers—Ted Frandson for Village Green and Gene Nelsen

for Polk County. According to the experts, valuation of real estate consisting of land and buildings occurs through three primary methods—the cost approach, the sales-comparison approach, and the income approach. Neither expert used the cost approach. Frandson used only the income approach and valued the property at $1,194,000. Nelsen completed both the "preferred" sales-comparison approach and the income approach, and he reconciled those results. *See* Iowa Code § 441.21.

The PAAB's ruling provided a detailed summary of this evidence. It determined Nelsen's appraisal was the best evidence of the property's fair market value and reduced Nelsen's valuation by $26,684 to account for personal property, resulting in a final valuation of $1,813,000. The PAAB concluded Nelsen's appraisal showed the county had over-assessed the property, and the PAAB reduced the assessment.

Village Green sought judicial review in the district court, where "the burden" is on it as "the party asserting the invalidity of the agency action." *See Wendling Quarries, Inc. v. Prop. Assessment Appeal Bd.*, 865 N.W.2d 635, 638 (Iowa Ct. App. 2015). The district court affirmed the PAAB, and Village Green now appeals.

## II. Scope and Standard of Review

We review the PAAB's ruling for correction of errors at law. Iowa Code § 441.39. In reviewing the district court's decision affirming the agency, "we apply the standards of chapter 17A to determine if we reach the same conclusion as the district court." *Wendling Quarries*, 865 N.W.2d at 638. We are bound by the PAAB's findings of fact if such findings are supported by substantial

evidence. *Id.* Substantial evidence supports an agency's decision even if the interpretation of the evidence may be open to a fair difference of opinion. *Arndt v. City of Le Claire*, 728 N.W.2d 389, 393 (Iowa 2007).

**III. Analysis**

Village Green claims Nelsen's appraisal was "based on erroneous findings of material fact" and his resulting analysis was "materially flawed." From this premise, Village Green contends the PAAB's ruling relying on Nelsen's appraisal was not supported by substantial evidence. Village Green asks us to reverse and remand to the PAAB "for reconsideration after correction of the material errors in evidence."

Village Green asserts three errors: (1) Nelsen rated the property as average; (2) Nelsen's inadequate inspection undermines his eight-percent capitalization rate; and (3) after Nelsen inappropriately compared the subject apartments to apartments in better condition, he failed to "downwardly adjust the sales prices of the other superior apartment buildings to reflect the lesser condition of the subject apartments."

**A. "Average" Apartment Complex.** Village Green asserts Nelsen's "most critical finding of fact" was that the apartment complex was in "average" condition, causing him to overestimate its value. In response, the PAAB points to Nelsen's grid of comparable sales listing the property's condition as below average and to Nelsen's testimony: "[R]ecognizing again the below-average condition of the subject properties." The record does not support Village Green's assertion that Nelsen offered erroneous information about the condition of the property.

**B. Nelsen's Inspection.** Village Green next finds fault with Nelsen's inspection of the property, arguing Nelsen "would have understood the poor condition of the premises" if he had "investigated the interior of the subject buildings." It then asserts Nelsen's faulty inspection led him to use an eight-percent capitalization rate.[3] Village Green's expert adopted a ten-percent capitalization rate. But citing to Nelsen's testimony, Village Green also states, even based on his inadequate investigation, Nelsen "acknowledged the premises were in substandard condition and below-average investment grade."[4] Village Green seeks a remand to the PAAB "for further proceedings allowing for the correction of the erroneous [eight-percent] capitalization rate."

Addressing Village Green's inspection challenge, the PAAB ruled:

> Village Green is critical of [Nelsen not completing] an interior inspection of the property and, as a result, his opinions do not adequately account for the subject's condition. We recognize that Nelsen considered the subject to be in below average condition, which appears to be consistent with the actual condition of the property. In addition, we note that Frandson's inspection was also limited due to a bed bug infestation at the property. As a result, it appears that neither appraiser had the benefit of a full inspection nor can we say either has a materially better understanding of the [subject] property's overall condition.

On judicial review, the district court rejected Village Green's claim, stating the PAAB acknowledged Village Green's concern as to Nelsen's inspection "but

---

[3] "In using the income approach, the capitalization rate represents an expert's judgment of the market interest rate reasonably to be expected by an investor in the property at the time involved." *Eagle Food Ctrs., Inc. v. Bd. of Review*, 497 N.W.2d 860, 863 (Iowa 1993).

[4] Village Green points to Nelsen's testimony:

> Q. If you do a strict comparison though between the subject property and the five other properties, would it be accurate to say that since the subject is characterized as below average that you would consider it in a lesser condition than the . . . other five comparable [properties]? A. Yes, I made adjustments to each and every one.

concluded Nelsen did account for the property's poor condition despite not performing an interior inspection of the subject property." Aptly following case law, the district court refrained from reweighing the evidence and concluded substantial evidence supported the PAAB. *See id.* at 394 ("Making a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision." (citation omitted)); *McHose v. Prop. Assessment Appeal Bd.*, No. 14-1584, 2015 WL 4488252, at *3 (Iowa Ct. App. July 22, 2015) (discussing judicial review of the PAAB).

We agree with the district court.

**C. Nelsen's Comparable-Sales Analysis.** In its final challenge, Village Green alleges Nelsen erred in his comparable-sales analysis by referring to other apartments in better condition and by failing to "downwardly adjust the sales prices of the other superior apartment buildings to reflect the lesser condition of the subject apartments." It seeks a remand so an "appropriate adjustment" can be made to the "sales of other properties."

In response, the PAAB points out Frandson, Village Green's expert, did not provide any comparable-sales analysis, even though that is the preferred approach in Iowa. *See* Iowa Code § 441.21(1).

The district court provided a detailed description of Nelsen's logical and accurate use of comparable sales and adjustments, which we need not restate here. *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa

1996) (stating the trier of fact [here, the PAAB] "has the prerogative to determine which evidence is entitled to belief" and a reviewing court only determines whether substantial evidence supports a finding *"according to those witnesses whom the [trier of fact] believed"* (emphasis added)).  The district court then concluded substantial evidence supports the PAAB's ruling that Nelsen's appraisal is the best evidence of the fair market value of the apartment complex. *See id.*; *Bartlett*, 253 N.W.2d at 93 ("An assessor is in an even better position than a [fact finder] to weigh 'points of difference' and make adjustments accordingly." (citation omitted)).  We agree with the district court and reject Village Green's final challenge.

## IV.  Conclusion

Because the PAAB's decision was supported by substantial evidence and not based on "erroneous findings of material facts," we affirm the district court's judicial review.

**AFFIRMED.**