# In The Iowa Supreme Court

No. 22–1967

Submitted October 10, 2024—Filed November 15, 2024

**Daniel Murillo,**

Appellant,

vs.

**State of Iowa,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, judge.

Required sex offender registrant seeks further review of a court of appeals decision affirming the denial of his application for modification of his registry requirements. **Decision of Court of Appeals Vacated; District Court Judgment Affirmed.**

Christensen, C.J., delivered the opinion of the court, in which all participating justices joined. May, J., took no part in the consideration or decision of the case.

Jesse A. Macro, Jr. of Macro Law, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

**Christensen, Chief Justice.**

Under Iowa Code section 692A.128 (2022), applicants seeking modification of their sex offender registration requirements must meet statutory threshold criteria before a district court may exercise its discretion and approve or reject their application. In this case, the registered sex offender's application to modify and remove his name from the registry was denied. The district court determined the applicant had not "successfully completed" his required sex offender treatment program, which is a threshold requirement of section 692A.128(2). The district court, in its discretion, also concluded the applicant posed an ongoing risk to the community and should not be removed from the registry. The court of appeals affirmed the district court's decision.

Upon review, we partially agree. For the reasons explained below, we hold that the district court erred in determining the applicant had not "successfully completed" his required sex offender treatment program in spite of a certificate indicating he had. However, the district court did not abuse its discretion when it denied the applicant's petition to modify his sex offender requirements because it applied only relevant factors when making its discretionary determination.

## I. Background Facts and Proceedings.

On August 19, 2005, Daniel Murillo pleaded guilty to sexual abuse in the third degree in violation of Iowa Code sections 709.1 and 709.4(1) (2005). The district court sentenced Murillo to an indeterminate term of incarceration not to exceed ten years and ordered Murillo to register as a sex offender on October 7.[1]

---

[1]When Murillo was sentenced, the law governing sex offender registration would have required him to register as a sex offender for ten years. *See* Iowa Code § 692A.2(1) (2005). Chapter 692A was subsequently amended by the Iowa General Assembly and Murillo's conviction is now classified as an aggravated offense, which requires him to be registered as a sex offender for life. *See* 2009 Iowa Acts ch. 119, §§ 1–30 (codified at Iowa Code §§ 692A.101–30 (Supp. 2009)); Iowa Code §§ 692A.101(1)(*a*)(3), .106(5) (2022). This court has concluded

While incarcerated, Murrillo was required to participate in a sex offender treatment program (SOTP) facilitated by the Iowa Department of Corrections (DOC). The SOTP required participants to fully admit to the specifics of their criminal acts or the individual would not be allowed to continue in the program. Murillo originally struggled to admit his guilt when he began treatment; however, he decided to take responsibility for his actions after the SOTP counselor explained that he would not be allowed to complete the program if he did not make an admission. Murillo believed that failing to complete the SOTP would result in his sentence being "doubled,"[2] so he admitted to his crime and participated in the SOTP. He received a certificate of completion for the program in October 2009.

After completing the SOTP, Murillo remained eligible for a reduced sentence and discharged his sentence in December 2009. Murillo has been registered as a sex offender since his release from custody. At the time of Murillo's application to be removed from the registry, he had been a registered sex offender for over twelve years.

On June 6, 2022, Murillo, a resident of Polk County, filed an application to be removed from the sex offender registry in the Polk County District Court. In response, the State filed a resistance to the application on September 27. The State's resistance focused on the sex offender registry modification evaluation Murillo underwent in accordance with Iowa Code section 692A.128(2) (2022).

---

chapter 692A is not punitive and does not raise ex post facto constitutional concerns. *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997).

[2]If Murillo refused to admit his guilt, his sentence would not have been "doubled." He would have, however, been ineligible for a sentence reduction. *See* Iowa Code § 903A.2(1)(*a*) (flush language) (2009) ("However, an inmate required to participate in a sex offender treatment program shall not be eligible for a reduction of sentence unless the inmate participates in and completes a sex offender treatment program established by the director.").

The evaluation was administered by Dr. Anthony Tatman, who was designated by the Director of the Fifth Judicial District Department of Correctional Services to assess Murillo's risk level to reoffend.

Dr. Tatman interviewed Murillo on November 4, 2020, and created a report of his evaluation that he reviewed with Murillo on December 4. The report detailed the phone interview that Dr. Tatman conducted with Murillo and the results of actuarial tests that Dr. Tatman completed. According to the actuarial tests conducted, Murillo was in the "low risk" category for recidivism. The interview, however, raised concerns for Dr. Tatman. In his report, Dr. Tatman explained that Murillo denied having engaged in any illegal sexual conduct or having tased the victim, maintained that the sexual incident in question was consensual, and stated that he only admitted to committing the acts during his SOTP so that his time would not be "doubled."

In Dr. Tatman's conclusion, he expressed concerns over whether Murillo "successfully completed all sex offender treatment programs," as required by section 692A.128(2)(*b*):

> This criteria of [Murillo] needing to "successfully" complete all sex offender treatment that is required is difficult to answer. Based on information obtained in this evaluation [Murillo] admitted to his offense to the Court, then denied the allegations of sexual abuse made against him when he was incarcerated, then admitted to engaging in the behaviors outlined in the police report to keep his earned time, and now again has recanted this admission. He stated that he only took the plea (admitting guilt in court) in fear that he would go to prison for life, and then admitted again in prison in order to keep his earn[ed] time, essentially lying to the Court and his treatment facilitators.

> I consulted with [the] Assistant Warden of Treatment for the Newton Correctional Facility's Sex Offender Treatment Program about this situation on 12-3-2020. He reported that if a person does not take responsibility for their crime they are removed from treatment. He further stated that it is their practice that the program would not determine anyone "completed" who said they were

innocent. Therefore, the question about whether or not [Murillo] actually "completed" treatment remains for this evaluator. Although [Murillo] has a Certificate of Completion from [the Department of Corrections], this completion was done under false pretenses that [Murillo] was admitting his crime. If [Murillo] did not lie, and maintained his belief that he was innocent as he does now, he would not have completed treatment. Therefore, it is this evaluator's opinion and recommendation that this issue requires a ruling by the Court to determined if he actually completed treatment or not.

Based on Dr. Tatman's report, the State argued in its resistance that Murillo has shown a willingness to only admit fault when it benefits him. Accordingly, he failed the threshold test in section 692A.128(2) because he had not "successfully completed" his required SOTP. Iowa Code § 692A.128(2)(*b*).

On September 30, 2022, the district court held a hearing on the application. During the hearing, Murillo stated multiple times that he fully admits to having committed illegal sexual conduct. He also stated that he was still "struggling with admitting to . . . [his] crime at this point" and struggled to accept the pain he caused the victim. Murillo argued that Dr. Tatman should have included his struggles in the report but agreed that the report truthfully portrayed the statements he made during the interview. Murillo claimed, however, that he was untruthful at times to Dr. Tatman during the interview and that was why the report contained statements where he refused to admit to his actions. Yet, Murillo still agreed that his ability to accept responsibility has shifted back and forth.

The district court requested briefing from the parties on the issue of whether Murillo successfully completed treatment in compliance with section 692A.128(2)(*b*). The State once again argued that Murillo did not successfully complete treatment because he only accepted responsibility for his crime to remain in the SOTP and be eligible for a sentence reduction. Murillo argued he completed the training required by his sentence as evidenced by his

certificate of completion and noted that he was found to be a "low risk" to reoffend in his evaluation.

The district court determined Murillo did not satisfy all the modification eligibility requirements in section 692A.128(2) because he did not successfully complete his required SOTP. The court held that although Murillo had evidence that he completed his SOTP, his false pretenses to remain in the program and his shifting stories did not indicate a successful completion of the program. Although the district court concluded Murillo did not meet the threshold criteria in section 692A.128(2), it made a discretionary determination that Murillo had a need for further treatment and remained an ongoing risk to the community, thus denying his application for modification.

Murillo filed a timely appeal, and we transferred the case to the court of appeals, which affirmed the decision of the district court. Murillo sought further review, which we granted.

**II. Standard of Review.**

Under Iowa Code section 692A.128, a district court may consider modifying a sex offender's registry obligation if mandatory threshold criteria are met. This initial threshold determination, and any questions involving the interpretation of Iowa Code chapter 692, are reviewed for correction of errors at law. *Fortune v. State*, 957 N.W.2d 696, 702–03 (Iowa 2021) (citing *State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 79–80 (Iowa 2014); *Schaefer v. Putnam*, 841 N.W.2d 68, 74 (Iowa 2013)).

Once the threshold criteria are met, the district court "may modify" the applicant's registration requirements. Iowa Code § 692A.128(5). This language vests the district court with discretion, and we review the district court's decision for abuse of discretion. *Fortune*, 957 N.W.2d at 703 (citing *State v. Adams*, 554

N.W.2d 686, 690 (Iowa 1996)). "An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Wilson*, 878 N.W.2d 203, 210–11 (Iowa 2016)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *State v. Gomez Garcia*, 904 N.W.2d 172, 177 (Iowa 2017)).

**III. Analysis.**

**A. Statutory Framework.** Registered sex offenders may file an application in district court to have their sex offender registry requirements modified. Iowa Code § 692A.128(1). Iowa Code section 692A.128 lays out the criteria that must be met:

> 2. An application shall not be granted unless all of the following apply:
>
> *a.* The date of the commencement of the requirement to register occurred at least two years prior to the filing of the application for a tier I offender and five years prior to the filing of the application for a tier II or III offender.
>
> *b.* The sex offender has successfully completed all sex offender treatment programs that have been required.
>
> *c.* A risk assessment has been completed and the sex offender was classified as a low risk to reoffend. The risk assessment used to assess an offender as a low risk to reoffend shall be a validated risk assessment approved by the department of corrections.
>
> *d.* The sex offender is not incarcerated when the application is filed.
>
> *e.* The director of the judicial district department of correctional services supervising the sex offender, or the director's designee, stipulates to the modification, and a certified copy of the stipulation is attached to the application.
>
> . . . .
>
> 5. The court may, but is not required to, conduct a hearing on the application to hear any evidence deemed appropriate by the

court. The court may modify the registration requirements under this chapter.

*Id.* § 692A.128(2), (5). This court recently articulated the analysis district courts should utilize when considering an application for modification in *Fortune v. State,* which involves a two-step process for district courts to follow. 957 N.W.2d at 705.

First, a district court must determine that the threshold statutory requirements found in subsection (2) of section 692A.128 are met. *Id.* If these five requirements are not met, the application must be denied. *Id.* If the requirements are met, the district court moves to the second step in its analysis, which includes "determining, in its discretion, whether the registration requirements should be modified." *Id.* The district court, when exercising its discretion, should consider any "additional factors that are relevant to the question of whether the offender poses a sufficient risk of reoffense or that public safety would require the registration regime be continued to provide a degree of control on the offender and provide information to the public." *Id.* at 707.

**B. "Successfully Completed."** The district court in this case determined that Murillo met all the threshold statutory requirements except one: the successful completion of all required sex offender treatment programs. *See* Iowa Code § 692A.128(2)(*b*). The parties disagree as to what "successfully completed" means within the statute. *Id.* Murillo argues that he met the statutory requirement because he finished the SOTP while he was incarcerated and has a certificate to prove he completed it. The State argues, and the district court agreed, that Murillo may have completed the program, but that does not mean that he *successfully* completed the program. According to the State, Murillo did not successfully complete the SOTP because he only admitted to his crime to stay in the program and receive a chance at a reduced sentence.

1. *Statutory interpretation principles.* On further review, Murillo challenges this interpretation of the statute. He argues that both courts were wrong to consider anything outside of his certified completion of the program, which is not in dispute. Therefore, this case raises a question of statutory interpretation.

"The first step in our statutory interpretation analysis is to determine whether the statute is ambiguous." *Carreras v. Iowa Dep't of Transp.*, 977 N.W.2d 438, 446 (Iowa 2022) (quoting *State v. Zacarias*, 958 N.W.2d 573, 581 (Iowa 2021)). If a statute is unambiguous, we will only consider its plain language. *Id.* "However, 'if reasonable minds could differ or be uncertain as to the meaning of the statute' based on the context of the statute, the statute is ambiguous and requires us to rely on principles of statutory construction to resolve the ambiguity." *Est. of Butterfield v. Chautauqua Guest Home, Inc.*, 987 N.W.2d 834, 838 (Iowa 2023) (quoting *State v. Coleman*, 907 N.W.2d 124, 135 (Iowa 2018)).

2. *Section 692A.128(2)(*b*) is ambiguous.* The parties disagree as to the meaning of the section, but that is not enough to declare a statute ambiguous. *See id.* "Ambiguity may arise from specific language used in a statute or when the provision at issue is considered in the context of the entire statute or related statutes." *Id.* (quoting *Sherwin–Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 425 (Iowa 2010)). The ambiguity in section 692A.128(2)(*b*) exists because of the context of the statute. *Id.* at 839 ("In many cases, we have identified statutory text that, although clear in isolation, becomes ambiguous in a statute's broader context.").

Reasonable minds can differ as to what the successful completion of a SOTP constitutes. *See State v. Ross*, 941 N.W.2d 341, 346 (Iowa 2020). Like the other threshold requirements, which are binary decisions, the successful

completion of a SOTP could simply require the DOC's acknowledgment that the applicant has completed the SOTP. Alternatively, the use of the word "successfully" before the word "completed" could imply the applicant must have accomplished a goal or desired outcome during the applicant's time in the program, which is more than just participating.

3. *Resolving the ambiguity.* Thus, we must utilize our tools of statutory construction to help determine the meaning of "successfully completed" in Iowa Code section 692A.128(2)(*b*). "If a statute is ambiguous, the court . . . may consider among other matters: . . . The consequences of a particular construction." *Id.* § 4.6(5). "When choosing among various ways to construe an ambiguous statute, courts should choose a construction that is sensical and reasonable." *Est. of Butterfield*, 987 N.W.2d at 840 (citing *Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 262 (Iowa 2010)).

In this case, the threshold criteria of section 692A.128(2) should be treated similarly. It would be an unreasonable construction of the statute to allow a district court to exercise discretion for only one factor when the other five factors are binary decisions for the court. Additionally, as this case demonstrates, if the district court has discretion to determine whether an applicant has successfully completed the SOTP, the DOC's determination that an applicant has completed the program could be considered irrelevant. We are not in a position to second-guess the DOC's determination that an applicant has completed the required SOTP. Murillo has a certificate of completion from the DOC, but it has been disregarded in favor of the district court's decision that he has not successfully completed his SOTP. This is also an unreasonable construction of the statute, as the DOC facilitates the programs and should be able to make a determination as to whether an applicant successfully completed its program.

*See, e.g.,* Iowa Dep't of Corr., *5th District, Client Treatment Programs, Sex Offender Treatment Program,* https://doc.iowa.gov/districts-prisons/5th-district (last visited November 12, 2024).

When interpreting statutory language, we will also consider the purpose of the statute. *See* Iowa Code § 4.6(1). "[W]e examine 'the language used, the purpose of the statute, the policies and remedies implicated, and the consequences resulting from different interpretations.' " *Carreras,* 977 N.W.2d at 446 (quoting *Albaugh v. Reserve,* 930 N.W.2d 676, 683 (Iowa 2019)). We must construe statutes "reasonably and in such a way as to not defeat their plain purpose." *Ross,* 941 N.W.2d at 346 (quoting *Coleman,* 907 N.W.2d at 136).

Therefore, we must consider the purpose of section 692A.128. *See In re A.J.M.,* 847 N.W.2d 601, 605 (Iowa 2014) ("Our goal is to construe the statute under consideration 'in light of the legislative purpose.' " (quoting *State v. Erbe,* 519 N.W.2d 812, 815 (Iowa 1994))). In general, the sex offender registry was created to protect the public. *See Fortune,* 957 N.W.2d at 704–05 (citing *Iowa Dist. Ct.,* 843 N.W.2d at 81; *In re A.J.M.,* 847 N.W.2d 601, 604 (Iowa 2014)). More specifically, the modification provision of chapter 692A "balances the registry's protective purpose with our legislature's related recognition—in enacting the modification provision—of an individual's interest in removal from the registry when appropriate." *Id.* at 705 (quoting *Iowa Dist. Ct.,* 843 N.W.2d at 84).

The legislature created this balance by fashioning threshold criteria that must be met before the district court may decide whether an applicant should be removed from the registry. The binary threshold criteria help the applicant meet set goals and facilitate removal from the registry. At the same time, allowing the district court to exercise its discretion before an applicant can be removed from the registry ensures the protection of the public. Therefore, in accordance

with the purpose of the statute, an applicant successfully completes the SOTP when the DOC indicates that the applicant has, and the district court may exercise its discretion after an applicant has met the binary criteria. This approach remains focused on public safety and acknowledges that when applicants do the required work, and meet the statutory requirements, they should be considered for modification or removal from the registry.

4. *The district court erred.* Based on our statutory interpretation of "successfully completed," the district court was incorrect to consider whether Murillo deceived his SOTP counselor when he accepted responsibility for his actions. Murillo has a certificate of completion for his SOTP from the DOC, which signifies the DOC determined he successfully completed the program. The State did not offer evidence to contradict his certification of completion nor did Dr. Tatman's testimony contradict Murillo's completion of the program—only his sincerity while completing it. We generally give a "wide berth" to the treatment determinations of DOC correctional staff, and the DOC's certificate of completion enjoys a presumption of regularity that should not be second-guessed by the district court absent evidence of its bad faith. *See In re Det. of Schuman*, 2 N.W.3d 33, 37, 49 (Iowa 2024) (quoting *Off. of Citizens' Aide/Ombudsman v. Edwards*, 825 N.W.2d 8, 14 (Iowa 2012)) (holding the district court erred by substituting its judgment for that of DOC staff). We conclude that the district court erred in reaching its conclusion that Murillo did not meet the mandatory threshold criteria for modification.

**C. Discretionary Relevant Factors.** Although the district court determined Murillo did not meet the statutory threshold criteria under section 692A.128(2), it nonetheless moved on to the next step and concluded that Murillo should not be removed from the registry. Because we are holding

Murillo did indeed meet the statutory threshold criteria, we will address whether the district court abused its discretion when it determined that Murillo's changing stories and dishonest reporting during his evaluation suggested an ongoing need for treatment and, subsequently, denied his application.[3]

The district court's discretion to deny or grant an application after the threshold statutory criteria are met arises from the discretionary language of section 692A.128(5). Iowa Code § 692A.128(5) ("The court may modify the registration requirements under this chapter."). When exercising its discretion, "the district court, in addition to compliance with the statutory requirements, may consider additional factors that are relevant to the question of whether the offender poses a sufficient risk of reoffense or that public safety would require the registration regime be continued." *Fortune*, 957 N.W.2d at 707. A district court abuses its discretion when it fails to consider a relevant factor or considers an irrelevant factor. *Id.* If a district court considers only proper factors, the court must have made a clear error in judgment to have abused its discretion. *Id.*

The district court did not consider an irrelevant factor in this case. Murillo's inability to consistently accept fault for his actions, and his lingering issues associated with acknowledging the crime he committed, are relevant to his likelihood to reoffend and, subsequently, public safety. *See State v. Iowa Dist. Ct.*, 801 N.W.2d 513, 519 (Iowa 2011) (citing *McKune v. Lile*, 536 U.S. 24, 33 (2002) (plurality opinion) ("Research indicates that offenders who deny all allegations of sexual abuse are three times more likely to fail in treatment than those who admit even partial complicity.")). This court has acknowledged that when admissions of guilt are required for a SOTP it serves the broader goals of

---

[3]We appreciate the district court completing the second step in its modification analysis, despite having determined Murillo did not meet the threshold criteria. Otherwise, it would have been necessary for us to remand the case for further proceedings to address the second step.

protecting the public and helping registered sex offenders not reoffend. *See id.* at 527.

The district court may consider Murillo's retraction of his prior SOTP admission of responsibility and his "lingering issues" with accepting responsibility. Even after treatment, Murillo, as shown by his 2020 interview and his 2022 testimony during the district court hearing, continued to deny committing the serious sexual offense that he pleaded guilty to. An applicant's tendency to lie about the crime is a relevant factor for the court to consider when making a determination for public safety. As with other cases that come before it, a district court must be allowed to consider whether it has the full truth, and whether an applicant is willing to provide the full truth, when weighing evidence. *See, e.g., In re D.D.,* 955 N.W.2d 186, 197 (Iowa 2021) (Christensen, C.J., concurring specially) ("Frankly, ensuring the safety of the child when Mom refuses to acknowledge the child's sexual abuse . . . is not simply passing moral judgment or acting out of a desire that the child has different parents. . . . [T]he record (or lack thereof concerning Mom's acknowledgment of the abuse) does not support the recommendations for reunification."); *State v. Ruiz,* No. 22–0241, 2023 WL 3088342, at *2 (Iowa Ct. App. Apr. 26, 2023) (holding that the district court appropriately considered the defendant refusing to provide the truth and not accepting appropriate accountability for his crime as aggravating factors for sentencing).

Lastly, Murillo argues that the district court still abused its discretion because it failed to appropriately weigh all the positive factors in favor of removing him from the registry. The district court, however, did not commit clear error in judgment when it determined that the positive factors, such as Murillo being classified as "low risk" and his time in the community without reoffending,

were outweighed by his refusal to accept responsibility for his actions unless he had something to gain. In the district court's opinion, Murillo's issues suggested he was an "ongoing risk to the community" and presented "a need for further treatment." We cannot say the district court committed clear error in that determination.

**IV. Conclusion.**

For the foregoing reasons, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**Decision of Court of Appeals Vacated; District Court Judgment Affirmed.**

All justices concur except May, J., who takes no part.